IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DONZELL K. NUCKLES,
     Petitioner,

vs.                                      Case No.:  3:17cv756/LAC/EMT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 26).  Petitioner filed a reply (ECF No. 28).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is

further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 26).[1]  Petitioner was charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 2013-CF-112, with ten counts of sexual battery while in a position of familial or custodial authority on a child 12 years of age or older but less than 18 years of age (Counts 1–10), and two counts of lewd or lascivious molestation of a child 12 years of age or older but less than 16 years of age (Counts 11, 12) (Ex. A at 25–27).  Following a jury trial on February 26–27, 2014, Petitioner was found guilty as charged on all counts (Ex. A at 512–16, Ex. C).  On April 14, 2014, the trial court sentenced Petitioner to thirty (30) years in prison on each sexual battery count and fifteen (15) years in prison on each lewd or lascivious molestation count, with all sentences to run consecutively, and with pre-sentence jail credit of 449 days (Ex. A at 584–90, Ex. D).

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 26).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D14-2036 (Ex. A at 629, Ex. E). The First DCA issued the following written opinion on April 23, 2015:

### ON CONCESSION OF ERROR

PER CURIAM.

> After a jury trial, Donzell Nuckles was convicted of twelve counts. On appeal he challenges only one.[FN 1] As to the one count (Count 5), he argues the State failed to introduce any evidence particular to that count. The State concedes the record shows a complete lack of evidence as to Count 5. After review of the record, the State's concession is well taken.

> > [FN 1: Appellant challenges only his conviction and sentence on Count 5. As he raises no arguments as to any other count, his other eleven judgments and sentences are affirmed.]

> The State also concedes such complete lack of evidence constitutes fundamental error. The State's concession on this point is also appropriate. A total lack of evidence constitutes fundamental error because it reaches to the foundation of the case and denies a defendant due process. *F.B. v. State*, 852 So. 2d 226, 230 (Fla. 2003). The evidence must be "totally insufficient as a matter of law to establish the commission of a crime"—a "complete failure." *Id.*; *see Hobson v. State*, 908 So. 2d 1162, 1164 (Fla. 1st DCA 2005) (explaining that "a conviction for an offense that did not take place constitutes fundamental reversible error").

> Accordingly, the State failed to introduce evidence sufficient to sustain Appellant's conviction and sentence as to Count 5. We therefore REVERSE Appellant's conviction as to that count and REMAND with instructions to vacate Appellant's sentence as to Count 5 only.

(Ex. G).  *Nuckles v. State*, 162 So. 3d 1146 (Fla. 1st DCA 2015) (Mem).  The mandate issued May 19, 2015 (Ex. H).  On March 11, 2016, the trial court reversed Petitioner's conviction and vacated his sentence as to Count 5 (Ex. I).  A corrected judgment and sentence rendered on March 29, 2016 (Ex. J).

On December 14, 2015, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. K at 5–12).  In an order rendered March 11, 2016, the circuit court dismissed the motion for failure to comply with the certification requirement of Rule 3.850(n)(2), without prejudice to Petitioner's filing an amended Rule 3.850 motion within sixty (60) days (*id.* at 21–22).  Petitioner filed a timely amended motion (*id.* at 23–34).  On April 22, 2016, the circuit court issued an order noting that some of Petitioner's claims were facially insufficient, and providing Petitioner an opportunity to file a second amended Rule 3.850 motion within sixty (60) days (*id.* at 43–45).  Petitioner filed a timely second amended motion, asserting four grounds for relief (*id.* at 46–61).  The court appointed counsel for Petitioner and held a limited evidentiary hearing on one of Petitioner's claims (*see id.* at 67–68, 75–76, 88–105).  On March 13, 2017, the circuit court rendered a final order denying the second amended Rule 3.850 motion (*id.* at 109–19).  Petitioner filed a notice of appeal (Ex. K at 363, Ex. L).  The First DCA assigned Case No. 1D17-1214, and affirmed the

circuit court's decision per curiam without written opinion on June 7, 2017, with the mandate issuing September 13, 2017 (Exs. M, N, S). *Nuckles v. State*, 227 So. 3d 572 (Fla. 1st DCA 2017) (Table).

Petitioner filed the instant federal habeas action on October 2, 2017 (ECF No. 1).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254.  Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).  Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law.  *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants:  "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the

state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam). In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*,

537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g.*, *Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *See Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit has declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state

court decision was not premised on the trial court's unreasonable fact finding, and

that the petitioner failed to demonstrate "by clear and convincing evidence that the

record reflect[ed] an insufficient factual basis for affirming the state court's

decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied § 2254(d),

does the court take the final step of conducting an independent review of the merits

of the petitioner's claim. *See Panetti*, 551 U.S. at 954.  Even then, the writ will not

issue unless the petitioner shows that he is in custody "in violation of the

Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).  "If this

standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S.

at 102.

## III.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus

petition that the petitioner exhaust available state court remedies, *see* 28 U.S.C.

§ 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct'

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364,

365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S.

270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the

exhaustion requirement, the petitioner must "fairly present" his claim in each

appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, 513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277–78.

The Supreme Court has provided lower courts with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement.  In *Picard v. Connor*, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277.  In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner makes a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court.  *Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982).  In *Anderson*, the Sixth Circuit Court of Appeals granted the habeas petition on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt.  459 U.S. at 7 (citing *Sandstrom*

*v. Montana*, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." *Anderson*, 459 U.S. at 7. On review by the Supreme Court, the Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in *Duncan v. Henry*, 513 U.S. 364. The *Duncan* Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal

review of the issue.[2]  The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." *Duncan*, 513 U.S. at 365–66.

In *Baldwin v. Reese*, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."  541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  The *Baldwin* court commented that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32.  With regard to this language, the Eleventh Circuit explained in *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005):

---

[2] The petitioner in *Duncan* raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal.  Presented with a state constitutional claim, the state court applied state law in resolving the appeal.  513 U.S. at 366.

If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion.  However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"  *McNair* [*v. Campbell*], 315 F. Supp. 2d at 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)).  This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302–03 (citations omitted).[3]

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review.  *See Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default.  *See Coleman v. Thompson*, 501

---

[3] In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *McNair v. Campbell*, 416 F.3d 1291, 1303 (11th Cir. 2005).  The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

U.S. 722, 734–35 & n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.*

A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The federal court "lacks jurisdiction to entertain a federal claim

on review of a state court judgment, if that judgment rests on a state law ground that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Foster v. Chatman*, — U.S. —, 136 S. Ct. 1737, 1745, 195 L. Ed. 2d 1 (2016) (internal quotation marks and citation omitted). Even where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing *Harris*, 489 U.S. at 264 n.10).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim. Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. *Id.* Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default, the petitioner must show cause for the default and prejudice resulting therefrom, or that the federal court's failure to reach the merits of the claim would result in a fundamental miscarriage of justice. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.* Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in

evaluating the reliability of a petitioner's proof of innocence.  *See McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019 (2013).  As the Court stated in *Schlup*, "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."  513 U.S. at 332; *see also House v. Bell*, 547 U.S. 518, 537, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

Within this framework, the court will review Petitioner's claims.

IV.   PETITIONER'S CLAIMS

A.   Ground One:  "The trial court erred when it denied Petitioner's request for JOA based on bill of particulars."

Petitioner alleges the State filed a statement of particulars stating that the offenses occurred between February 1, 2011 and October 4, 2012 (ECF No. 1 at 4). Petitioner alleges the statement of particulars failed to allege the location where the alleged offenses occurred (*id.*).  He alleges his trial counsel made a motion for judgment of acquittal ("JOA") at trial, but counsel failed to argue that the State failed to prove the location of the offenses (*id.*).  Petitioner further alleges the trial court erred in denying the motion for JOA, because the State failed to prove that the alleged sexual activity occurred on or during the time frame alleged in the statement of particulars (ECF No. 1 at 4; ECF No. 28 at 5).  Petitioner states he did not present

the issue on direct appeal, but he did present it in his Rule 3.850 motion (ECF No. 1 at 4–5).

Respondent asserts a procedural default defense (ECF No. 26 at 19–21). Respondent contends Petitioner failed to present the claim of trial court error on direct appeal (*id.*). Therefore, the claim is unexhausted and procedurally barred (*id.*).

In Petitioner's reply, he contends his appellate counsel caused the procedural default of the claim of trial court error (ECF No. 28 at 5–6). Petitioner cites *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) in support of his argument (*id.*). He contends he is entitled to federal review of Ground One, because his rights to a fair trial and due process, guaranteed by the Fifth, Sixth, and Fourteenth Amendments, have been violated (*id.*).

The state court record demonstrates that Petitioner did not present Ground One on direct appeal. The sole issued presented by Petitioner's appellate counsel on direct appeal was that his conviction for Count 5 constituted fundamental error because the State presented no evidence supporting that Count (Ex. E).[4] Petitioner's appellate counsel did not argue error with respect to the sufficiency of the evidence

---

[4] As previously noted, the appellate court granted Petitioner the relief he sought on direct appeal by reversing the conviction on Count 5 and remanding to the trial court with instructions to vacate Petitioner's sentence as to Count 5.

on any of the remaining eleven Counts (*see id.*).  Therefore, the claim of trial court error with respect to Petitioner's existing convictions is unexhausted.

Petitioner is now barred by state procedural rules from returning to state court to present the claim of trial court error.  *See Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) ("[A]n issue not raised in an initial brief is deemed abandoned"); Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.").  Because further relief is not available in the state courts, the fair trial and due process and claims presented in Ground One are procedurally defaulted.

Petitioner alleges the procedural default was caused by ineffective assistance of appellate counsel ("IAAC").  Although ineffective assistance of counsel which rises to the level of a constitutional deprivation can serve as cause for purposes of a procedural default analysis, the issue of ineffective assistance must first be presented as an independent state claim and exhausted in the state courts.  *Murray*, 477 U.S. at 488; *Orazio v. Dugger*, 876 F.2d 1508 (11th Cir. 1989).  In Florida, a claim of IAAC is actionable in a petition for writ of habeas corpus filed in the appellate court to which the appeal was taken.  *See* Fla. R. App. P. 9.141(d); *Davis v. State*, 875 So. 2d 359, 372 (Fla. 2003).  Here, Petitioner did not present any IAAC claims to the

First DCA.  Further, because the procedural default occurred in the direct appeal proceeding, not an initial collateral proceeding, Petitioner's reliance upon *Martinez* is misplaced.  *See Davila v. Davis*, — U.S. —, 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017) (declining to extend *Martinez* to a procedurally defaulted claim of ineffective assistance of appellate counsel).  Therefore, Petitioner failed to show he is entitled to federal review of Ground One through the "cause and prejudice" portal.

Petitioner has not alleged or shown he is entitled to federal review of his claim through any other recognized exception to the procedural bar.  Therefore, he is not entitled to relief on the claim of trial court error (which he couches as a federal due process/fair trial claim) asserted in Ground One.

B.   Ground Two:  "Trial counsel was ineffective for misadvice gegarding [sic] a favorable plea offer from the State, which prejudiced the Petitioner."

Ground Three:  "Trial counsel was ineffective for interfering with Petitioner's right to testify."

Ground Four:  "Trial counsel was ineffective for not objecting to improper statements made by the state attorney."

Petitioner alleges in Ground Two that trial counsel was ineffective for advising him to reject a favorable 35-year plea offer from the State (ECF No. 1 at 5–6).  Petitioner alleges if he had been correctly advised, he would have accepted the offer which would have resulted in a substantially lesser sentence than the 300-year sentence he received (*id*.).

Petitioner alleges in Ground Three that counsel was ineffective by interfering with his right to testify (ECF No. 1 at 7). Petitioner alleges his sole defense was to expose his family's motive for the allegations and to shed light on their plot, deception, and lies, and that his testimony was critical to the outcome of the trial (*id.*). Petitioner alleges absent counsel's deficient performance, he would have prevailed at trial (*id.*).

In Ground Four, Petitioner alleges counsel was ineffective by failing to object to improper comments of the prosecutor during closing arguments, and failing to move for a mistrial (ECF No. 1 at 8–9).

Petitioner asserts he presented all of these claims of ineffective assistance of trial counsel ("IATC") in his Rule 3.850 motion (ECF No. 1 at 6, 8, 9).

Respondent contends Petitioner's IATC claims are unexhausted and procedurally barred (ECF No. 26 at 22–28). Respondent contends Petitioner presented the claims in his second amended Rule 3.850 motion, but he waived appellate review of the circuit court's decision denying the claims (*id.*). Therefore, the claims are unexhausted and now procedurally defaulted (*id.*).

Within this section, the undersigned will consider not only the IATC claims presented in Grounds Two, Three, and Four, but also the IATC aspect of Ground One (that defense counsel was ineffective for failing to adequately argue the motion

for JOA).  Petitioner presented all four of these IATC claims in his second amended Rule 3.850 motion (Ex. K at 46–61).  As previously noted, the circuit court held a limited evidentiary hearing on one of Petitioner's claims (Ground Two) (*see id.* at 67–68, 75–76, 88–105).  On March 13, 2017, the circuit court rendered a final order denying the second amended Rule 3.850 motion (*id.* at 109–19).  Petitioner filed a notice of appeal (Ex. K at 363, Ex. L), but he did not file an initial brief (*see* Ex. M).

The Florida Rules of Appellate Procedure provide that in a case where a movant's Rule 3.850 motion is denied after an evidentiary hearing was held on one or more claims, a movant wishing to appeal the denial of his motion must file an initial brief.  *See* Fla. R. App. P. 9.141(b)(3).  The movant must present argument on all issues for which he seeks appellate review in his initial brief, regardless of whether the claim was summarily denied or litigated at the evidentiary.  *See Kelley v. State*, 109 So. 3d 811, 812 n.1 (Fla. 1st DCA 2013); *Prince v. State*, 40 So. 3d 11 (Fla. 4th DCA 2010); *Pennington v. State*, 34 So. 3d 151, 153 at n.1 (Fla. 1st DCA 2010) (briefing is required in appeal from non-summary denial of Rule 3.850 motion); *Hammond v. State*, 34 So. 3d 58 (Fla. 4th DCA 2010) (claim for which appellant did not present argument, or for which he provided only conclusory argument, was insufficiently presented for appellate review, regardless of whether claim was among those claims litigated at evidentiary hearing or among those claims

summarily denied by trial court); *Williams v. State*, 24 So. 3d 1252 (Fla. 1st DCA 2009) (where appellant received evidentiary hearing on some of his post-conviction claims and others were summarily denied, appellate court would review only those summarily denied claims which movant argued in appellate brief).

The Florida procedural rule deeming as waived or abandoned those claims for which an appellant has not presented any argument in his initial brief, even when the post-conviction evidentiary hearing was limited in scope to some but not all post-conviction claims and the appellant's insufficiently presented claims were summarily denied by the trial court, is a firmly established and regularly followed procedural rule for purposes of federal habeas. *See, e.g.*, *Granberry v. Tucker*, No. 5:10cv129/RH/EMT, 2012 WL 2891245, at * (N.D. Fla. May 4, 2012), *Report and Recommendation Adopted*, 2012 WL 2890780 (N.D. Fla. July 14, 2012) (nonbinding but recognized as persuasive authority); *Daniels v. Tucker*, No. 5:09cv328/RS/EMT, 2011 WL 7153921, at *18 (N.D. Fla. Nov. 22, 2011), *Report and Recommendation Adopted*, 2012 WL 379590 (N.D. Fla. Feb. 3, 2012); *Stoudmire v. Tucker*, No. 3:09cv48/MCR/EMT, 2011 WL 5426239, at *9–11 (N.D. Fla. Aug. 30, 2011), *Report and Recommendation Adopted*, 2011 WL 5442091 (N.D. Fla. Nov. 9, 2011); *Green v. McNeil*, No. 1:09cv204/MMP/GRJ, 2011 WL 2790167, at *7 (N.D. Fla. June 22, 2011), *Report and Recommendation Adopted*, 2011 WL 2790180 (N.D. Fla.

July 15, 2011); *Curry v. Buss*, No. 3:08cv539/LAC/EMT, 2011 WL 2174038 (N.D.

Fla. Apr. 26, 2011), *Report and Recommendation Adopt*ed, 2011 WL 2149544 (N.D.

Fla. June 1, 2011).

Because Petitioner did not file a brief in the Rule 3.850 appeal (*see* Ex. M),

he waived appellate review of all of his Rule 3.850 claims, and thus did not properly

exhaust them in the state courts.  Moreover, Petitioner cannot now take a second

appeal from the denial of his Rule 3.850 motion to attempt to successfully exhaust

the claims presented in his § 2254 petition.  Therefore, the IATC claims presented

in the habeas petition are considered procedurally defaulted.

Petitioner concedes he failed to submit an initial brief in the Rule 3.850 appeal

(*see* ECF No. 28 at 7, 10, 13).  He alleges the state appellate rules are confusing, and

he misunderstood Rule 9.141(b) (*id.*).  Petitioner attributes his procedural default to

the fact that he proceeded pro se in the post-conviction appeal (*id.*).

It is well established that a petitioner's ignorance of the law cannot excuse a

procedural default.  *See Tower*, 7 F.3d at 211 (ignorance of available state remedies

and procedures cannot excuse a procedural default) (citations omitted).  Further,

Petitioner cannot rely upon *Martinez*, because the Supreme Court expressly limited

its holding, stating, "[T]he holding in this case does not concern attorney errors in

other kinds of proceedings, <u>including appeals from initial-review collateral</u>

proceedings." *Martinez*, 566 U.S. at 15 (emphasis added).    Moreover, the miscarriage of justice exception does not apply, because Petitioner does not allege, let alone proffer, the existence of any new evidence suggesting he is actually innocent. *See Kuenzel v. Comm'r, Ala. Dep't of Corr*, 690 F.3d 1311, 1315 (11th Cir. 2012) (noting that, to show a miscarriage of justice, a movant must present new, reliable evidence that he is factually innocent of the crime of conviction).

In summary, all of the claims presented in Petitioner's § 2254 petition are procedurally barred from federal review.  Therefore, the petition should be denied.

V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting

§ 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of May 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.